# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**ERNEST TERRELL FRIAR, JR.**  **PLAINTIFF**
**ADC #660122**

V.  NO. 3:22-cv-00025-DPM-ERE

**JACKSON COUNTY**
**DETENTION CENTER,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Ernest Terrell Friar, Jr., an inmate at the Jackson County Detention Center ("Detention Center"), filed this *pro se* lawsuit under 42 U.S.C. § 1983, asserting an unconstitutional conditions of confinement claim related to his exposure to black mold. Mr. Friar names as Defendants the Jackson County Detention Center jail administrator, Nikki Carter, Jackson County Sheriff David Lucas, and Lieutenant Travis Engler Weaver.

Although Mr. Friar has filed a motion for leave to proceed *in forma pauperis* ("IFP"), he has had at least three cases dismissed based on his failure to state a constitutional claim. See *Friar v. Jackson County Sherriff*, 1:14-CV-00097-BSM; *Friar v. Jackson County Sheriff, et al.*, 1:16-CV-00027-BSM; and *Friar v. Wrightsville Unit*, 4:17-CV-00486-SWW. Accordingly, Mr. Friar may not proceed IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Based on the allegations in Mr. Friar's complaint, the Court needs additional

information to make that determination.[1] Accordingly, the Court will postpone the screening process mandated by 28 U.S.C. § 1915A until Mr. Friar has an opportunity to file an amended complaint correcting the following pleading deficiencies.

First, although Mr. Friar names the Detention Center as a Defendant, county jails and detention centers are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")).

Second, Mr. Friar must explain why he believes the substance at issue was black mold.

Third, Mr. Friar cannot sue an individual based only on his or her role as a supervisor. Instead, he must explain how each individual Defendant was personally involved in violating his constitutional rights. In his complaint, Mr. Friar states that Defendants are liable because they housed him in an area containing black mold with "acknowledgement" of black mold. *Doc. 2 at 5, 6, 7, 9. 10*. Mr. Friar must specifically explain: (1) whether each Defendant was personally aware that he was

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

housed in an area containing black mold and any supporting facts; (2) whether each Defendant was personally aware that he was experiencing any difficulty breathing as a result of his exposure to black mold and any supporting facts; (3) how each Defendant was made aware of Mr. Friar's complaints; and (4) how each individual Defendant was responsible for housing him in an area containing black mold.

To allow Mr. Friar to correct these deficiencies, the Court will provide him thirty (30) days to file an amended complaint. If Mr. Friar files an amended complaint, it will supersede or replace the current complaint. See *In re Atlas Lines, Inc*. 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Thus, he should make sure that his amended complaint, if filed, includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, Mr. Friar need only include a "short and plain statement" showing that he is entitled to relief, with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe all the evidence that he may later rely on to prove his claim. However, he must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IT IS THEREFORE ORDERED THAT:

1. Mr. Friar may file an amended complaint within thirty (30) days of the entry of this Order as outlined above.

2. If Mr. Friar fails to file an amended complaint, the Court will screen his original complaint, which may result in the dismissal of some or all of his claims.

3. The Court will hold Mr. Friar's motion for leave to proceed IFP (*Doc. 1*) in abeyance until he has filed an amended complaint. His failure to file an amended complaint could result in the denial of his motion for leave to proceed IFP.

IT IS SO ORDERED this 2nd day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE