IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ERNEST TERRELL FRIAR, JR.**　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #660122**

V.　　　　　　　NO. 3:22-cv-00025-DPM-ERE

**JACKSON COUNTY**
**DETENTION CENTER,** *et al*.　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff Ernest Terrell Friar, Jr., an inmate at the Jackson County Detention Center ("Detention Center"), filed this *pro se* lawsuit under 42 U.S.C. § 1983, asserting unconstitutional conditions of confinement related to his exposure to black mold. Mr. Friar names as Defendants the Jackson County Detention Center jail administrator, Nikki Carter, Jackson County Sheriff David Lucas, and Lieutenant Travis Engler Weaver.

Mr. Friar has filed a motion for leave to proceed *in forma pauperis* ("IFP"). *Doc. 1*. However, he qualifies as a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act[1] because while detained, he has filed at least

---

[1] The three-strikes provision precludes a prisoner from bringing a civil action *in forma pauperis* "if, on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g).

three cases that the Court dismissed for failure to state a constitutional claim: *Friar v. Jackson County Sherriff*, 1:14-CV-00097-BSM; *Friar v. Jackson County Sheriff, et al.*, 1:16-CV-00027-BSM; and *Friar v. Wrightsville Unit*, 4:17-CV-00486-SWW. As a three-striker, Mr. Friar may not proceed IFP unless he is in imminent danger of serious physical injury, and given the few allegations in his complaint, the Court needed additional information to make that determination. Accordingly, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[2] to give Mr. Friar an opportunity to file an amended complaint containing more information. *Doc. 3*.

Mr. Friar has now filed his amended complaint (*Doc. 4*), but he has failed to provide the requested information, including: (1) why he believes the substance at issue was black mold; (2) whether each Defendant was personally aware that he was housed in an area containing black mold and any supporting facts; (3) whether each Defendant was personally aware that he was experiencing difficulty breathing as a result of his exposure to black mold and any supporting facts; (4) how each Defendant was made aware of Mr. Friar's complaints; and (5) how each individual Defendant was responsible for housing him in an area containing black mold.

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

The Eighth Circuit has explained that the imminent danger exception to the three-strikes provision applies only where the complaint includes facts showing "that he is in imminent danger *at the time of the filing.*" *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Without facts indicating that *currently*, a named Defendant knows that Mr. Friar is suffering breathing problems from exposure to mold and is failing to remediate the problem, Mr. Friar's allegations are insufficient to trigger the imminent danger exception to the three-strikes provision.

Accordingly, Mr. Friar has failed to plead that he is imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT:

1. Mr. Friar's motion for leave to proceed IFP (*Doc. 1*) is DENIED.

2. Within 30 days of this Order, Mr. Friar must pay the $402.00 filing fee. If he fails to comply with this Order, this lawsuit will be dismissed.

DATED this 16th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE